UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-61877-civ-Moreno/Seltzer

HUDSON TREVISAN,
EDWARD SALVATORE TEAGUE,
FARAZ KHAN,

        Plaintiffs,
v.

P.I.P. INC.,
WAYNE P. TEAGUE,

        Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' SECOND MOTION TO COMPEL ARBITRATION
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs, Hudson Trevisan, Edward Salvatore Teague, and Faraz Khan, by and through the undersigned counsel, hereby respond in opposition to Defendants' Renewed Motion to Stay Proceedings and Compel Arbitration and Incorporated Memorandum of Law [DE 43] ("Second Motion"),[1] and in support state the following:

**I.    Plaintiffs did not sign the alleged agreements.**

    Attached as Exhibit A, Exhibit B, and Exhibit C are the affidavits of Plaintiffs Teague, Trevisan, and Khan respectively. As stated in paragraph 3 of Plaintiffs' affidavits, Plaintiffs did not sign the alleged agreements filed at DE 30-1, DE 30-2 (refiled at DE 43-1 and DE 43-2), and DE 43-3. Plaintiffs did not agree to arbitrate their claims. Plaintiffs demand a jury trial on all issues so triable that pertain to the alleged arbitration agreements filed at DE 30-1, DE 30-2 (refiled at DE

---

[1] Defendants originally filed Defendants' Motion to Stay Proceedings and Compel Arbitration and Incorporated Memorandum of Law [DE 30] ("First Motion") containing almost verbatim the same arguments contained in Defendants' Second Motion.

43-1 and DE 43-2), and DE 43-3 including Defendants' Motion and the enforceability of Defendants' alleged arbitration agreements.

> Because it is well established that "parties cannot be forced to submit to arbitration if they have not agreed to do so," a district court, rather than a panel of arbitrators, must decide whether a challenged agreement to arbitrate is enforceable against the parties in question. *Chastain v. Robinson–Humphrey Co.*, 957 F.2d 851, 854 (11th Cir.1992). We have said that a party seeking to avoid arbitration must unequivocally deny that an agreement to arbitrate was reached and must offer some evidence to substantiate the denial. *Id.* More specifically, we require a party resisting arbitration to "substantiate[ ] the denial of the contract with enough evidence to make the denial colorable." *Wheat, First Secs., Inc. v. Green*, 993 F.2d 814, 819 (11th Cir.1993) (quotation and citation omitted). Once an agreement to arbitrate is thus put "in issue," the Federal Arbitration Act (FAA) requires the district court to "proceed summarily to the trial thereof" and if the objecting party has not requested a jury trial, "the court shall hear and determine such issue." 9 U.S.C. § 4.

*Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 Fed. Appx. 782, 785 (11th Cir. 2008).

The argument below from Defendants' Second Motion was omitted from their First Motion:

> Additionally, any "party challenging the validity of a signed agreement must do more than assert forgery to bring validity into dispute. To create a genuine issue as to whether a signature is forged, the party seeking to avoid arbitration must: (1) unequivocally deny that the agreement was made ***and*** (2) produce "some evidence" to substantiate that denial." *Louissant v. Building Services Teks LLC*, No. 14-cv-61356-UU, 2014 WL 12600555 (S.D. Fla. Aug. 1, 2014)[2] (emphasis added). Further, the "party seeking to avoid arbitration bears the burden of establishing the likelihood of incurring prohibitive arbitration costs, which could preclude the party from effectively vindicating his federal statutory rights." *Boyd v. Town of Hayneville, AL*, 144 F. Supp. 2d 1272, 1275 (M.D. Ala. May 31, 2001) ("[t]he possibility that a claimant could be required to pay a share of the arbitration costs, including part of an arbitrator's fees, is not, by itself, a sufficient reason to invalidate an arbitration clause prior to arbitration.")

---

[2] Defendants' citation to of *Louissaint v. Bldg. Serv. Teks LLC*, 14-CV-61356-UU, 2014 WL 12605555 (S.D. Fla. Aug. 4, 2014) contains the wrong Westlaw citation.

Second Motion, p. 3.

Defendants fail to inform the Court that the authority on which they rely, *Louissant v. Building Services Teks LLC*, No. 14-cv-61356-UU, 2014 WL 12600555 (S.D. Fla. Aug. 1, 2014), found as sufficient evidence the plaintiff's sworn declaration that the signature on the purported arbitration agreement was a forgery and that the court **denied** the defendants' motion to compel arbitration:

> Defendant moves to compel arbitration of Plaintiff's claims, and in support attaches to its motion a copy of an employment contract, purportedly signed by Plaintiff, that contains a mandatory arbitration clause. D.E. 6. In response, **Plaintiff filed a sworn declaration that the signature is a forgery, that she had never before seen the document and that she has never consented to arbitration. D.E. 8.**
>
> An arbitration provision is typically sufficient to compel arbitration where neither party disputes the validity of the contract. *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 854 (11th Cir. 1992). But where the validity of the contract is in dispute, the Court must resolve that issue before it may compel arbitration. *Id.*
>
> A party challenging the validity of a signed agreement must do more than assert forgery to bring validity into dispute. Instead, to create a genuine issue as to whether its signature was forged, the party seeking to avoid arbitration must: (1) unequivocally deny that the agreement was made; and (2) produce "some evidence" to substantiate that denial. *Id.* (quoting *T & R Enterprises, Inc. v. Cont'l Grain Co.*, 613 F.2d 1272, 1278 (5th Cir. 1980)). The burden to produce "some evidence" is not a heavy one, as there are inherent difficulties in proving a negative. *See, e.g.*, *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817-18 (11th Cir. 1993) (**"[The plaintiff] has absolutely denied that it is bound to arbitrate [the defendant's] claims and, to the extent it is possible to prove a negative, has offered evidence to prove that there was no agreement to arbitrate."**).
>
> Here, Defendant remains silent in the face of Plaintiff's assertion that the signature is a forgery; the assertion is not refuted and the sworn evidence supporting that assertion is not challenged by contradictory evidence. Under these circumstances, Plaintiff has created a genuine issue as to whether she ever agreed to arbitrate her claims. *See id.* at 818 (holding that the plaintiff created a genuine issue as to validity where the defendant did not refute evidence that the plaintiff never signed the arbitration agreement). And because

> the validity of the contract remains at issue, the Court may not yet compel arbitration.

*Louissaint* at *1 (emphasis added).

Also unique to Defendants' Second Motion is Defendants' counsel, Daniel Levine, opining for the Court what he thinks about the authenticity of the forged signatures:

> [T]here is no evidence to the contrary. In fact, all of the Plaintiffs' signatures, including the signatures on the affidavits submitted by Trevisan and Teague in their response in opposition [DE 34], closely resemble the signature on other documents from the Plaintiffs' personnel files. *See* ¶ 8 of Exhibit "A," ¶ 9 of Exhibit "B," ¶ 9 of Exhibit "C" and composite Exhibit "D".

Second Motion, pp. 6-7.

Defendants' counsel's assertion that "there is no evidence to the contrary" is rebutted by evidence to the contrary: the sworn affidavits of Plaintiffs asserting that the signatures on the purported agreements are fraudulent. *See* Exhibit A, Exhibit B, and Exhibit C.

Defendants' forged agreement for Plaintiff Khan could not even spell his name correctly:



Defendants' counsel is not qualified as a handwriting expert and his opinion regarding the authenticity of the forged signatures is entitled to zero weight in the Court's determination of Defendants' motions. Notably, Defendants had access to several of Plaintiffs' signatures pursuant to their employments before Defendants submitted the forged signatures to the Court.

**II.     The alleged agreements improperly deny Plaintiffs' right to recover fees and costs under the FLSA.**

The alleged agreements are unenforceable because they deny a substantive right of the Fair Labor Standards Act: the right to recover fees and costs pursuant to 29 U.S.C. § 216(b).

The alleged agreements contain this provision that renders the agreements unenforceable: "Each party to any arbitration will pay its own fees and expense, including attorney fees and will share other fees of arbitration."[3] *See*, *e.g.*, *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 669 (6th Cir. 2003) (en banc) (district court erred in "holding that the cost-splitting provision in the ... arbitration agreement was enforceable"); *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (the FLSA "provides for reasonable attorney's fees [and] the parties cannot contract in derogation of FLSA's provisions").

Notably, this provision in the alleged agreements does not leave any *discretion* with the arbitrator to decide to award any fees and costs. Instead, the alleged agreements explicitly prohibit Plaintiffs' right to recover their fees and costs. The alleged agreements contravene the FLSA and are unenforceable.

> A party agreeing to arbitrate statutory claims does not "forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Anders v. Hometown Mortg. Servs., Inc.,* 346 F.3d 1024, 1029 (11th Cir. 2003)(quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)); *Gilmer v. Interstate/Johnson Lane Corporation,* 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). Remedial restrictions in an arbitration clause which deny meaningful statutory relief may, however, in the absence of a severability clause, invalidate the entire arbitration clause. *See Paladino v. Avnet Computer Technologies, Inc.,* 134 F.3d 1054 (11th Cir. 1998).

---

[3] DE 30-1 ¶ 8; DE 30-2, ¶ 9.

*Velazquez v. Corp. Transit of Am., Inc.*, 816CV00948T27AEP, 2016 WL 10537597, at *4 (M.D. Fla. Dec. 20, 2016).

The alleged agreements filed at DE 30-1, DE 30-2 (refiled at DE 43-1 and DE 43-2), and DE 43-3 are unenforceable because they deny the meaningful statutory relief under the FLSA of Plaintiffs' right to recover their fees and costs. Additionally, the alleged agreements do not have a severability provision; therefore, the objectionable provisions cannot simply be severed.[4] The alleged agreements in their entirety are unenforceable.

> Plaintiff argues that the one-way fee shifting clause in the Agreement contradicts the FLSA and therefore renders the arbitration provision unenforceable. Doc. 22 at 7–8. Other federal courts have found similar provisions requiring the plaintiff to cover his own attorney's fees even if he ultimately were to prevail to be unenforceable as applied to FLSA claims, as such provisions are inconsistent with the purpose underlying the statutory claim. *See, e.g., Schatt v. Aventura Limousine & Transportation Service, Inc.,* No. 10–22353–Civ., 2010 WL 4942654, at *3 (S.D.Fla. Nov.30, 2010) (**"It is clear that Plaintiff cannot be found to have waived his right to recover his attorney's fees. Thus, the provision regarding attorney's fees is unenforceable as applied to this FLSA proceeding."**) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir.1982)). However, where, as here, the relevant contract includes a severability provision, the remainder of the agreement will be unaffected. *Schatt,* 2010 WL 4942654, at *3

---

[4] Circuit precedent instructs that when an arbitration clause includes a severability clause, the arbitration clause remains enforceable, regardless of the validity of the remedial restrictions. *Anders v. Hometown Mortg. Servs., Inc.*, 346 F.3d 1024, 1032 (11th Cir. 2003) ("Because any invalid provisions are severable, the underlying claims are to be arbitrated regardless of the validity of the remedial restrictions."). And the validity of the remedial restrictions is to be determined by the arbitrator. *Id.* at 1032 ("[A] arbitrator and not a court should decide the validity of the remedial restriction provisions.").

*Velazquez v. Corp. Transit of Am., Inc.*, 816CV00948T27AEP, 2016 WL 10537597, at *5 (M.D. Fla. Dec. 20, 2016).

> (quoting *Paladino v. Avnet Computer Techs., Inc.,* 134 F.3d 1054, 1059 (11th Cir.1998)). Accordingly, the Court finds that the Agreement as a whole is not substantively unconscionable.

*Robinson v. Anytime Rentals, Inc.*, 2:14-CV-528-FTM-38CM, 2015 WL 4393709, at *4 (M.D. Fla. Feb. 20, 2015), *report and recommendation adopted*, 2:14-CV-528-FTM-38CM, 2015 WL 4393476 (M.D. Fla. July 15, 2015) (emphasis added).

### III. Plaintiffs' FLSA claims are beyond the scope of the alleged agreements.

Plaintiffs' FLSA claims are beyond the scope of the alleged agreements filed at DE 30-1, DE 30-2 (refiled at DE 43-1 and DE 43-2), and DE 43-3; therefore, Plaintiffs' claims are not subject to arbitration.

The alleged agreements identify Plaintiffs as "employees"—not independent contractors—thereby acknowledging that Plaintiffs are entitled to the statutory protections afforded employees. The alleged agreements, however, do not mention any statutory rights or protections as being included within the scope of the arbitration provision. Instead, the scope of the arbitration provision is limited to the agreement itself: "Any dispute arising out of *this agreement* shall be resolved by mediation or arbitration…"[5] Emphasis added.

The alleged agreements only specify the alleged rates of pay to Plaintiffs. The agreements both (1) acknowledge that Plaintiffs are employees, and (2) are silent regarding overtime pay and any alleged exemptions to overtime. The alleged agreements fail to mention any statutory rights or employment or labor claims as being within their scope. Accordingly, the alleged agreements cannot be read to expand their scope beyond the substance of the alleged agreements.

---

[5] DE 30-1 ¶ 8; DE 30-2, ¶ 9.

Despite acknowledging that Plaintiffs are employees, the alleged agreements never agreed to arbitrate any statutory claims, labor or employment claims, FLSA claims, nor any category of claims that include FLSA claims.

> Even though there is a presumption in favor of arbitration, **the courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties.** *Doe v. Princess Cruise Lines*, 657 F.3d 1204, 1214 (11th Cir. 2011).
>
> The FAA reflects the fundamental principle that arbitration is a matter of contract. *Rent-A-Center, W., Inc., V. Jackson*, 130 S. Ct. 2772, 2776 (2010) (citing 9 U.S.C. § 2). Absent some ambiguity in the agreement, **it is the language of the contract that defines the scope of disputes subject to arbitration.** *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289, 122 S. Ct. 754, 762. A court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate <u>that dispute</u>. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847, 2856 (2010) (internal citation omitted) (emphasis in original).

*Mirabal v. S.K.I. Limousines, Inc. et al*, Case No. 13-21042-civ-Graham/Goodman, DE 13, pp. 2-3 (S. D. Fla. May 29, 2013) (emphasis added).

As Eleventh Circuit precedent explains, if an arbitration provision is intended to have broad applicability, then such provision should use broad language. *See Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218 (11th Cir.2011) ("If the cruise line had wanted a broader arbitration provision, it should have left the scope of it at 'any and all disputes, claims, or controversies whatsoever' instead of including the limitation that narrowed the scope to only those disputes, claims, or controversies 'relating to or in any way arising out of or connected with the Crew Agreement, these terms, or services performed for the Company.' ").

Defendants cannot expand the alleged agreements to compel arbitration of claims that are beyond their scope. The scope of the alleged agreements is limited to "[a]ny dispute arising out of this agreement shall be resolved by mediation or arbitration…"[6]

The alleged agreements are completely silent regarding statutory claims and fail to authorize the arbitrator to resolve federal statutory claims; therefore, Plaintiffs cannot be compelled to arbitrate their federal FLSA claims:

> [A] mandatory arbitration clause does not bar litigation of a federal statutory claim, unless three requirements are met. First, the employee must have agreed individually to the contract containing the arbitration clause—the union having agreed for the employee during collective bargaining does not count. *527 Second, the agreement must authorize the arbitrator to resolve federal statutory claims—it is not enough that the arbitrator can resolve contract claims, even if factual issues arising from those claims overlap with the statutory claim issues. Third, the agreement must give the employee the right to insist on arbitration if the federal statutory claim is not resolved to his satisfaction in any grievance process. All three of those requirements were met in the *Gilmer* case, which is the latest word from the Supreme Court on the subject. None of the requirements were met in this case.

*Brisentine v. Stone & Webster Eng'g Corp.*, 117 F.3d 519, 526–27 (11th Cir. 1997).

> *Brisentine* does not stand for the proposition that an arbitration agreement must specifically list every federal or state statute it purports to cover. *See, e.g., Bender v. A.G. Edwards & Sons, Inc.,* 971 F.2d 698, 700 (11th Cir.1992) (finding that Title VII claims were subject to arbitration where the arbitration agreement stated that the parties agreed to arbitrate "any dispute, claim or controversy that may arise between me and my firm, or a customer or any other person that is required to be arbitrated under the rules, constitution or by-laws of the organizations with which I register"). To fall within the FAA's ambit, however, an arbitration agreement that purports to cover statutory claims must contain terms that generally and fairly inform the signatories that it covers statutory claims.

*Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1059 (11th Cir. 1998)

---

[6] DE 30-1 ⁋ 8; DE 43-1 ⁋ 9; DE 30-2, ⁋ 9; DE 43-2 ⁋ 8; DE 43-3 ⁋ 9.

The alleged agreements do not contain terms that generally and fairly inform Plaintiffs that the alleged agreements cover statutory claims.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' Renewed Motion to Stay Proceedings and Compel Arbitration and Incorporated Memorandum of Law [DE 43] or, in the alternative, Plaintiffs demand a jury trial on the enforceability of the alleged agreements.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

/s/ Elliot A. Kozolchyk

Elliot Kozolchyk, Esq.
Bar No.: 74791

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on February 5, 2019 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

_____
Elliot Kozolchyk, Esq.

## SERVICE LIST

Daniel R. Levine, Esq.
*Counsel for Defendants*
Padula Bennardo Levine LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL 33431
Telephone: (561) 544-8900
Facsimile: (561) 544-8999
E-mail: drl@pbl-law.com, ak@pbl-law.com