UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61877-CIV-MORENO/SELTZER

HUDSON TREVISAN,
EDWARD SALVATORE TEAGUE, and
FARAZ KHAN,

        Plaintiffs,

vs.

P.I.P, INC., and
WAYNE P. TEAGUE,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Defendants' Renewed Motion to Stay Proceedings and Compel Arbitration and Incorporated Memorandum of Law ("Motion") (DE 43) and has been referred to the undersigned pursuant 28 U.S.C. § 636 and Magistrate Rule 1(c) and (d), Local Rules of the United States District Court for the Southern District of Florida (DE 31).  For the reasons that follow, the undersigned RECOMMENDS that the Motion (DE 43) be DENIED.

I.    PROCEDURAL HISTORY

On January 10, 2019, Plaintiffs filed a Third Amended Complaint alleging violations of the Fair Labor Standards Act ("FLSA") (DE 1).  Plaintiffs specifically "seek recovery of damages . . . and further seek[] interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b)" (DE 40 ¶ 21).

On January 22, 2019, Defendants filed a Renewed Motion to Stay Proceedings and Compel Arbitration and Incorporated Memorandum of Law ("Motion") (DE 43), and on

February 5, 2019, Plaintiffs responded ("Response") (DE 34) thereto. The undersigned notes that Defendants had previously replied ("Reply") (DE 37) to Plaintiffs' response to the initial motion to stay and that Plaintiffs have reiterated the same arguments in their response to the renewed motion.

II.     MOTION

Defendants move this Court to compel arbitration pursuant to a mandatory arbitration clause in the Employee Commission Agreement ("ECA") signed by each Plaintiff as a condition to his employment. The arbitration clause in each ECA provides:

> Any dispute arising out of this agreement shall be resolved by mediation or arbitration, each party agrees, the parties will equally divide cost of mediation. Each party to any arbitration will pay its own fees and expense, including attorney fees and will share other fees of arbitration. The arbitration may conduct the hearing in absence of either party. After notified of such hearing. [sic]

(DE 43-1, DE 43-2).

In reviewing a motion to compel arbitration, a district court should consider three factors: (1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived. Integrated Sec. Servs. v. Skidata, Inc., 609 F. Supp. 2d 1323, 1324 (S.D. Fla. 2009). Plaintiffs oppose the Motion on several grounds, including that a valid agreement does not exist.[1] More specifically, Plaintiffs argue that the Agreements are unenforceable because they improperly deny to them the right to recover fees and costs under the FLSA. In their Reply, Defendants correctly note that parties seeking to avoid arbitration have the burden of establishing that enforcement

---

[1] Plaintiffs also argue that they did not sign the Agreements and that their FLSA claims are beyond the scope of the Agreements. The undersigned does not address these arguments, as the undersigned has concluded that the Agreements are unenforceable.

of the agreement would preclude them from "effectively vindicating [their] federal statutory right in the arbitral forum." Reply at 3 (DE 37) (quoting Musnick v. King Motor Co. of Fort Lauderdale, 325 F.3d 1255, 1259 (11th Cir. 2003)). However, Defendants then argue, incorrectly, that "nothing in the relevant provision precludes an arbitrator from awarding fees and costs to a prevailing plaintiff." Reply at 3 (DE 37). The undersigned does not agree.

The Agreements expressly provide: "Each party to any arbitration will pay its own fees and expense, including attorney fees and will share other fees of arbitration." (emphasis added). This language does not leave any discretion with the arbitrator to award fees and costs. The terms of the arbitration clause would require each Plaintiff to cover his own attorney's fees even if he were successful. Yet, as the Eleventh Circuit has made clear, the terms of an arbitration clause must be "fully consistent with the purposes underlying any statutory claims subject to arbitration." Paladino v. Avnet Computer Techs., Inc., 134 F.3d 1054, 1059 (11th Cir.1998). And "[w]hen an arbitration clause has provisions that defeat the remedial purpose of the statute, . . . the arbitration clause is not enforceable." Id. at 1062. Accordingly, where an FLSA defendant had sought to compel arbitration under an agreement (with a severability clause) providing for each party to "bear its own costs, including attorney's fees," a judge in this District stated:

> It is clear that Plaintiff cannot be found to have waived his right to recover his attorney's fees. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir.1982). Thus, the provision regarding attorney's fees is unenforceable as applied to this FLSA proceeding. Should Plaintiff be a prevailing party, he is entitled to recover a reasonable attorney's fee. See 28 U.S.C. § 216(b).

Schatt v. Aventura Limousine & Transp. Service, Inc., 2010 WL 4942654, at *3 (S.D. Fla.

2010) (Cooke, D.J.). Because the language of the arbitration provisions at issue in this case plainly prohibits Plaintiffs from recovering their fees and costs, it contravenes the FLSA and is unenforceable. See also Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 474 (Fla. 2011) (concluding that the limitation of remedies provisions in arbitration agreement violated public policy, "for they directly undermine specific statutory remedies created by the Legislature," and "that any arbitration agreement that substantially diminishes or circumvents these remedies . . . is unenforceable").

The undersigned notes that "when an arbitration clause includes a severability clause, the arbitration clause remains enforceable, regardless of the validity of the remedial restrictions." Velazquez v. Corp. Transit of Am., Inc., 2016 WL 10537597, at *5 (M.D. Fla. Dec. 20, 2016) (citing Anders v. Hometown Mortg. Servs., Inc., 346 F.3d 1024, 1032 (11th Cir. 2003)). Here, however, none of the Agreements contain a severability provision. And in the absence of such a provision, the objectionable language in these Agreements cannot simply be severed. Accordingly, the arbitration clauses in their entirety are unenforceable. See Velazquez, 2016 WL 10537597, at *4 ("Remedial restrictions in an arbitration clause which deny meaningful statutory relief may, however, in the absence of a severability clause, invalidate the entire arbitration clause.").

III.     CONCLUSION

The undersigned concludes that the arbitration clauses are unenforceable as they deny Plaintiffs a substantive right under the Fair Labor Standards Act: the right to recover fees and costs pursuant to 29 U.S.C. § 216(b). The arbitration clauses do not contain a severability provision that would permit the Court to disregard the objectionable language. The arbitration clauses, therefore, are unenforceable in their entirety. Accordingly, the

undersigned RECOMMENDS that Defendants' Renewed Motion to Stay Proceedings and Compel Arbitration and Incorporated Memorandum of Law (DE 43) be DENIED.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 6th day of February 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Hon. Federico A. Moreno
United States District Judge

All counsel of record